Brent A. Bouma, Esq.
Attorney ID No: 115862014
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel: (973) 577-6260
Fax: (973) 577-6261
Brent.Bouma@lewisbrisbois.com
*Attorneys for Defendant, TForce Freight, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DERWIN SMITH,<br><br>                              Plaintiff,<br><br>- against –<br><br>TFORCE FREIGHT, Inc.,<br><br>                              Defendant. | **Civil Action No.: 2:24-cv-00244** |

**NOTICE OF REMOVAL**

Defendant TForce Freight, Inc. (TFF), by and through their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, *et seq.* The grounds for removal are as follows:

**BACKGROUND**

1. On or about November 29, 2023, Plaintiff Derwin Smith filed a Complaint against TFF in the Superior Court of New Jersey, Law Division, Bergen County, Docket No.: BER-L-006422-23 (the State Court Action). Attached as Exhibit A are true and correct copies of Plaintiff's Complaint, Case Information Statement, Summons, and Track Assignment Notice served upon TFF in the State Court Action.

2. TFF has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. The exhibits attached as Exhibit A consist of and constitute all process, pleadings, and orders served upon TFF in the State Court Action to date.

### TIMELINESS OF REMOVAL

4. Plaintiff has not filed an Affidavit of Service in the State Court Action alleging the subject Complaint was served.

5. However, TFF was notified by its registered agent that the registered agent was served on December 14, 2023. Attached as Exhibit B is a true and correct copy of the notification from TFF's registered agent that it was served on December 14, 2023.

6. At that point, TFF became aware of the filing of the Complaint.[1] (Exhibit B)

7. Because TFF became aware of the Complaint on December 14, 2023, it has 30 days to file a timely removal. 28 U.S.C. § 1446(b)(1).

8. However, the last day of the filing period was Saturday, January 13, 2024. As a result, by Rule, the deadline continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1).

9. Because the last day of the filing period was a Saturday (January 13, 2024), the next day was a Sunday (January 14, 2024), and the day after that was a legal holiday (January 15, 2024), the deadline to timely file the subject notice of removal continues until the end of today, January 16, 2024. *Ibid. See also* Fed. R. Civ. P. 6(a)(6)(A) (defining the day set aside by statute for observing Martin Luther King Jr.'s birthday as a legal holiday).

---

[1] By filing this Notice of Removal, TFF does not waive any defenses that may be available and specifically reserves the right to assert any defenses and/or objections to which it may be entitled. *See* ¶ 32, *infra*.

10. Thus, the removal of this action is therefore timely. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1); Fed. R. Civ. P. 6(a)(6)(A).

## JURISDICTIONAL BASIS FOR REMOVAL

11. A defendant has a right of removal of a civil action where a federal district court has original jurisdiction over an action based on diversity of citizenship. 28 U.S.C. § 1441(b).

12. District courts shall "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

13. Plaintiff is a resident and citizen of the State of New Jersey. (Exhibit A, P. 3, ¶ 1)

14. TFF is a Virginia corporation with a principal place of business at 1000 Semmes Avenue, Richmond, Virginia 23224. *See* TForce Freight, Inc. corporate registration documents attached hereto as Exhibit C.

15. Plaintiff, for his part, also admits in his Complaint that TForce Freight, Inc. "is a corporation with main [sic] business address at 1000 Semmes Avenue, Richmond, Virginia 23224". (Exhibit A, P. 3, ¶ 2)

16. The residency of Plaintiff and the residency and corporate domicile of TFF establish complete diversity of citizenship.

17. The Complaint is silent on the specific amount in controversy.[2] In such cases, courts shall determine the amount in controversy based on "a reasonable reading of the value of the rights being litigated." *Werinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v.*

---

[2] This is consistent with New Jersey Rule 4:5-2, which provides that, "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount[.]"

*Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). Put differently, a court "must base its amount-in-controversy determination on what a jury reasonably could award [the Plaintiff]." *Id.* at 267.

18. In conducting this analysis, "when both actual and punitive damages are recoverable[,] punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993). *See also Professional Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 163 n. 2 (3d Cir. 2007) (citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("Punitive damages can be aggregated with compensatory damages to arrive at the amount in controversy requirement.")).

19. "If appropriately made, [] a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum." *Professional Cleaning & Innovative Bldg. Servs.*, 245 Fed. Appx. at 163 n. 2.

20. Additionally, when state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees also must be considered in calculating the jurisdictional amount in controversy. *Ibid.* (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)).

21. Plaintiff alleges that he was employed by TFF as a "dock worker" for over one year. (Exhibit A, P. 4, ¶ 5)

22. Plaintiff further alleges that he was involved in a "significant motor vehicle accident" on or about June 11, 2022, which purportedly resulted in "severe back, neck, and leg injuries". *Id.*, P. 4, ¶¶ 6-7.

23. Plaintiff contends that he was unable to perform the essential functions of his position since the accident and was terminated on or about August 25, 2022 while he was purportedly out on leave. *Id.*, P. 4, ¶¶ 8, 14.

24. Plaintiff asserts disability discrimination and failure to accommodate claims pursuant to the New Jersey Law Against Discrimination (LAD), *N.J.S.A.* 10:5-12 et seq., and seeks a multitude of damages pursuant to these claims including, *inter alia*, the following: compensatory damages, which include back pay and benefits and front pay and benefits, emotional distress damages, punitive damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs. *Id.*, P. 3-7, ¶ 23.

25. Plaintiff is therefore seeking punitive damages, among a litany of others. *Ibid*.

26. Additionally, since *N.J.S.A.* 10:5-27.1 provides that "the prevailing party may be awarded a reasonable attorney's fee [in any action or proceeding brought under the LAD]," it is respectfully submitted that attorneys' fees should also be considered as part of the court's reasonable amount in controversy calculation. *Suber,* 104 F.3d at 585.

27. Based on the foregoing, it is respectfully submitted that a reasonable reading of the value of the rights being litigated and the damages sought in this matter exceeds $75,000.00.

28. As a result, it is further respectfully submitted that this action may be removed to this Court pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

29. The undersigned is counsel to the only named defendant in this lawsuit, and therefore all defendants consent to the removal of this action.

30. Accordingly, TFF is entitled to remove this action to this Court under 28 U.S.C. § 1441, as this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

31.     Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey (Newark Vicinage) is the proper venue for removal jurisdiction because it embraces the place where this action is pending.

## NON-WAIVER OF DEFENSES

32.     By filing this Notice of Removal, TFF does not waive any defenses that may be available and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## PROCEDURAL REQUIREMENTS

33.     Pursuant 28 U.S.C. § 1446(d), TFF will promptly file written notice of the filing of this Notice of Removal with the Clerk of the Court for the Superior Court of New Jersey, Law Division, Bergen County, and will promptly serve a copy of the same on Plaintiff.

**WHEREFORE**, TFF hereby removes the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey, and request that this Court assume full jurisdiction over this cause of action as provided for by law.

Dated: January 16, 2023

Respectfully submitted,

Brent A. Bouma
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
T: 973-577-6260
F: 973-577-6261
Brent.Bouma@lewisbrisbois.com
*Attorneys for Defendant, TForce Freight, Inc.*